## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                        Case No. 1:14-cr-1759-WJ

MICHAEL CRESPIN,

     Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS MATTER** is before the Court on Defendant Michael Crespin's Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A)(i). Doc. 188. The Defendant argues that he was incorrectly classified as a career offender resulting in a Guidelines calculation that was improperly high. *Id.* 6–8. He argues that had the career offender enhancement not applied, he may have already completed his term of imprisonment. *Id.* at 7. The Defendant further argues that his family circumstances and personal health concerns support compassionate release. *Id.* at 11–13. The Defendant contends that both arguments, taken together, constitute extraordinary and compelling circumstances justifying compassionate release. Upon review of the parties' briefing and the applicable law, the Court concludes the circumstances presented by the Defendant do not rise to the extraordinary and compelling level required to grant compassionate release. Accordingly, the Defendant's Motion is **DENIED.**

### BACKGROUND

In September 2015, the Defendant pleaded guilty to one count of Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). Doc. 115 at 2. The Defendant was sentenced to 156

months of imprisonment in May 2016. Doc. 143 at 1. The Defendant is currently incarcerated at FCI Hazelton and has served 107 months of his sentence. Doc. 188 at 12.

The Defendant exhausted his administrative remedies prior to filing the instant motion. On June 16, 2022, the Bureau of Prisons ("BOP") denied the Defendant's request to file a motion for compassionate release, concluding the Defendant's circumstances are not extraordinary and compelling as required under 18 U.S.C. §3582(c)(1)(A)(i). *Id.* at 3. The Defendant filed the instant motion with the assistance of counsel on April 7, 2023.

The Defendant cites four reasons in support of compassionate release. First, the Defendant argues that, had he been sentenced three months later, he would not have been designated a career offender in light of the August 2016 amendment to U.S.S.G. § 4B1.2, which removed burglary as a predicate crime of violence for the career offender enhancement. Doc. 188 at 7. Second, he cites the need to care for ailing family members. *Id.* at 12. Third, he cites personal health concerns that he claims are exacerbated by the ongoing threat of COVID-19. *Id.* at 2. Fourth, he cites his efforts at rehabilitation while imprisoned. *Id.* 9. Whether considered individually or cumulatively, the Court concludes that the circumstances cited by the Defendant are not extraordinary and compelling as required under 18 U.S.C. §3582(c)(1)(A)(i) and therefore do not justify compassionate release.

## LEGAL STANDARD FOR COMPASSIONATE RELEASE

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 188 at 1. Generally, a federal court is prohibited from modifying a term of imprisonment once imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011); *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012). However, Congress has provided a limited exception to this rule and allowed for compassionate release for "extraordinary and compelling reasons." 18 U.S.C.

§ 3582(c)(1)(A)(i). Before the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194 (Dec. 21, 2018), only the BOP could seek compassionate release, making the defendant "wholly dependent upon the Director of the BOP [to do] so on his or her behalf." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021).

The First Step Act modified Section 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release." 132 Stat. at 5239. The provision now reads, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c)(1)(A). A federal prisoner now may file a motion for compassionate release after he has fully exhausted all of his administrative rights to appeal the BOP's failure to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. *Id.* It is undisputed that the Defendant requested that the BOP file a petition for his release and that said request was denied. Doc. 192-2, 1–3. As such, Defendant has satisfied the exhaustion requirement.

Where the exhaustion requirement is met, the Tenth Circuit has held that § 3582(c)(1)(A) creates a "three-step test." *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). Under the first step, the Court must find whether extraordinary and compelling reasons warrant a sentence reduction. *McGee*, 992 F.3d

at 1042. The second step requires the Court to find whether such a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. For the third step, the Court is to consider any applicable 18 U.S.C. § 3553(a) factors and make a discretionary determination whether the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case. *Id*.; *see also Maumau*, 993 F.3d at 831. The Court may deny a compassionate release motion based on lack of any of the three prerequisites listed in § 3582(c)(1)(A) and does not need to address the others. *McGee*, 992 F.3d at 1043; *Maumau*, 993 F.3d at 831 n.4.

Because the United States Sentencing Commission has not issued an applicable policy statement for motions for compassionate release filed by a defendant, the second step does not apply.[1] *See Maumau*, 993 F.3d at 836-37; *McGee*, 992 F.3d at 1049-50. Further, the Court need not engage in the third-step analysis of the § 3553(a) factors if it determines there is no extraordinary and compelling reason justifying release. *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021). In this case, the Court need only reach the first step because the Defendant has not demonstrated extraordinary and compelling reasons in support of compassionate release.

## DISCUSSION

The Defendant asserts two categories of arguments in support of compassionate release. First, he makes a legal argument that he would not be classified as a career offender in light of the 2016 amendment to U.S.S.G. § 4B1.2. Second, the Defendant asserts his factual circumstances—his need to provide care for family members, his personal health ailments, and his rehabilitative

---

[1]Although the United States Sentencing Commission has not promulgated a post First Step Act policy statement that binds the Court, it is nevertheless appropriate for the Court to reference existing United States Sentencing Commission policy statements to guide its analysis. *United States v. Hald*, 8 F.4th 932, 938 n.4 (10th Cir. 2021).

efforts—amount to extraordinary and compelling circumstances. The Court addresses each argument in turn.

I.    **Defendant failed to present an extraordinary and compelling reason for release.**

A.    **The 2016 amendment to U.S.S.G. § 4B1.2 does not constitute an extraordinary and compelling reason for release.**

The Defendant argues that his sentence would have been more lenient had it been imposed after August 2016, when the U.S.S.C. amended § 4B1.2 to remove burglary from the list of offenses that constitute a predicate crime of violence for the purposes of the career offender enhancement. Doc. 188 at 7. The Defendant contends that post-amendment, he would not be classified as a career offender because one of the offenses supporting his career offender designation was his 2001 residential burglary conviction. *Id.* He argues that but-for his classification as a career offender, his Guidelines sentencing range would have been 120 to 150 months of imprisonment, rather than 188 to 235. *Id.* The Defendant further argues that he would have been able to negotiate a more advantageous plea deal without the career offender enhancement. *Id.* The Defendant's argument fails because, even without his residential burglary conviction, his 1992 and 2002 armed robbery convictions are sufficient to qualify him as a career offender under § 4B1.1(a). Presentence Investigation Report ("PSR") ¶¶ 44, 49.[2]

Under U.S.S.G. § 4B1.1(a), defendant is a career offender if

"(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

---

[2]The United States Probation Office disclosed a revised PSR for the Defendant on February 26, 2016. There is no document number to reference because it is not docketed electronically on CM/ECF.

It is undisputed that the Defendant meets the first two requirements. The parties' dispute is confined to whether the Defendant has two prior felony convictions for crimes of violence that qualify him as a career offender. The term "crime of violence" includes robbery offenses punishable by imprisonment for more than one year. U.S.S.G. § 4B1.2(a)(2). The Defendant served nine years in custody for a 1992 armed robbery conviction and more than four years in custody for a 2002 armed robbery offense. PSR ¶¶ 44, 49. Thus, they presumptively qualify the Defendant as a career offender under § 4B1.1(a).

However, the Guidelines exclude counting stale convictions—those greater than fifteen years old—as prior felony convictions supporting the career offender enhancement. *United States v. Valdez*, 77 F. Supp. 3d 1115, 1136 (D.N.M. 2014) (citing U.S.S.G. § 4A1.2). Under U.S.S.G. § 4A1.2(e)(1), two categories of offenses satisfy the fifteen-year requirement:

> [1] Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted . . .
> [2] Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

The Defendant argues that his 1992 conviction for armed robbery is more than 15 years old and is thus stale for the purposes of his classification as a career offender.[3] Doc. 195 at 6.

The Court disagrees because the Defendant served a portion of his 1992 sentence for armed robbery within the fifteen-year period preceding the commission of the instant offense, thus satisfying the second category of offenses under § 4A1.2(e)(1). PSR ¶ 44; Doc. 115 at 3. The

---

[3]The Defendant raises for the first time in his reply brief the argument that his 1992 armed robbery conviction is stale under § U.S.S.G. § 4A1.2(e)(1). Although the nonmoving party should generally be "given an opportunity to respond to new material raised for the first time in the movant's reply," the Court need not hear from the United States because the Defendant's argument is without merit. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

Defendant was sentenced to 9 years custody for armed robbery on July 16, 1993. PSR ¶ 44. The Defendant remained in custody for his armed robbery conviction until March 20, 2001. *Id.* The Defendant committed the instant offense on May 5, 2014. Doc. 115 at 3. Thus, the date Defendant was released from custody (March 20, 2001) was within fifteen years of the instant offense date (May 5, 2014) as required by § 4A1.2(e)(1). Consequently, the Defendant's 1992 conviction for armed robbery is appropriately considered as a predicate offense for career offender status. *Id.*[4] Further, the Defendant does not dispute that his 2002 armed robbery conviction occurred within the fifteen-year window. Because both prior offenses are crimes of violence committed within fifteen years of the instant offense, the Defendant is properly designated a career offender even if the Court were to disregard his 2001 residential burglary conviction. PSR ¶ 49; U.S.S.G. § 4B1.1(a).

The Court concludes that the Defendant's Guidelines sentencing range would have been unaffected by the August 2016 amendment to U.S.S.G. §4B1.2. The Court therefore rejects the Defendant's argument that the amendment constitutes an extraordinary and compelling circumstance in support of compassionate release.

> **B.      The family circumstances, personal health concerns, and post-conviction rehabilitation efforts cited by the Defendant do not constitute extraordinary and compelling circumstances for his release.**

Having dismissed the Defendant's argument disputing his classification as a career offender under the sentencing guidelines, the Court next considers whether any of the remaining

---

[4] The Defendant committed three probation violations and one parole violation that extended his term of imprisonment through March 2001. Because the Defendant served more than one year and one month of imprisonment and his last release was within fifteen years of the instant offense, the conviction counts as a predicate offense under § 4B1.1 *See United States v. Coleman*, 9 F.3d 1480 (10th Cir. 1993).

circumstances cited by the Defendant constitute extraordinary and compelling circumstances warranting compassionate release.

>   1.   **The difficulties faced by the Defendant's mother, adult son, grandson, and spouse do not constitute extraordinary and compelling circumstances warranting release.**

The Defendant argues that the need to care for his aging mother and adult son are extraordinary and compelling circumstances that support compassionate release. Doc. 188 at 6. He additionally contends that his wife's ailing health and the need for him to aid in the care of his grandson, A. A., support a grant of compassionate release. Doc. 195 at 4. The Court concludes that neither are extraordinary and compelling based upon the Sentencing Commission's policy guidance and the applicable case law.

Although the Court is not bound by policy statements such as U.S.S.G. § 1B1.13, it is appropriate to compare the Defendant's family circumstances to the above prototypical examples contemplated by the Sentencing Commission. *United States v. Guerrero*, 2022 WL 16646565, at *3 (10th Cir. Nov. 3 2022). Section 1B1.13 contemplates a limited set of family related circumstances that would justify a compassionate release. They include: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner". U.S.S.G. § 1B1.13 cmt.1(c)(i), (ii). Notably, the Defendant does not claim to have a minor child without an incapacitated caregiver or an incapacitated spouse or registered partner.

The Defendant first argues he is entitled to release to provide care for his adult son, who is diagnosed with terminal brain cancer, his aging mother, and his grandson. While the Court is sympathetic to the challenges of Defendant's son, mother, and the challenges they face in caring

for his grandson, he does not argue he is the only available caregiver. Doc. 195 3–4. The Defendant's sister and at least two of his adult children who live in Albuquerque would seemingly be available to provide care. PSR ¶¶ 65–68. Given that the Defendant has not shown he is the only person available to provide care for his family members, the Court is unpersuaded that his family circumstances amount to extraordinary and compelling circumstances that warrant compassionate release. *See United States v. Mekaeil*, 2020 WL 6318693, at *2 (D. Kan. Oct. 28, 2020) (rejecting defendant's family circumstances argument because defendant's adult siblings were available to provide care).

The Defendant next argues for compassionate release to provide care for his wife, who is diagnosed with congestive heart failure. Doc. 195 at 4. The Defendant indicates that his wife is "struggling to help care for her own family". *Id.* This indicates to the Court that such a circumstance, while unfortunate, is not extraordinary and compelling. The Sentencing Commission contemplated the incapacitation of a spouse as a potential circumstance that warrants a grant of compassionate release. U.S.S.G. § 1B1.13. However, the Defendant has not shown that his wife is incapacitated; in fact, the language in his reply that speaks to her continuing efforts to care for her own family implies that she is not incapacitated at all, merely affected by her condition as would be expected. Further, the Defendant again has not shown there are no other available caregivers to provide for his wife and her family.

The Defendant is incarcerated for armed bank robbery. The Court reiterates that the "disruption of defendant's life, and the concomitant difficulties for those who depend on defendant, are inherent in the punishment of incarceration." *United States v. Mendoz-Contreras*, No. 22-5057, 2023 WL 2706808 at *2 (10th Cir. 2023) (affirming district court's denial of defendant's request for compassionate release).

> 2.    **The Defendant's health concerns do not constitute extraordinary and compelling circumstances.**

Compassionate release for medical conditions is to be treated as a rare event. *United States v. Willis*, 382 F.3d 1185, 1188 (D.N.M. 2019). Turning again to the Sentencing Commission's policy statements for guidance, the Commission identifies two categories of medical conditions as extraordinary and compelling reasons that may justify release. First, terminal illnesses such as cancer, ALS, and end-stage organ disease. U.S.S.G. § 1B1.13 cmt. 1(A)(i). Second, serious physical or cognitive conditions "that substantially diminish[] the ability of the defendant to provide self-care . . . and from which he or she is not expected to recover." § 1B1.13 cmt. 1(A)(ii). The Court finds the Defendant has not identified any medical conditions that satisfy § 1B1.13 or otherwise warrant compassionate release.

The Defendant argues that he is particularly susceptible to complications from COVID-19 because he only has one remaining kidney. The Court declines to grant compassionate release given that the Defendant had access to the vaccine and cannot cite any evidence that FCI Hazelton poses a high risk for contracting COVID-19. Doc. 195 at 2. First, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. McRae*, No. 21–4092, 2022 WL 803978, at *2 (10th Cir. 2022) (citation omitted). Second, while it is true that federal detention facilities experienced a heightened threat of COVID-19 early in the pandemic, that risk has been substantially mitigated. In fact, the BOP has stopped tracking the number of cases within its facilities as of May 2023, after the national emergency declaration expired.   Department   of   Justice   Office   of   the   Inspector   General, https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8 (last visited June 23, 2023). The expiration of the emergency declaration coupled with the fact that all Federal

inmates have been given the opportunity for vaccination against COVID-19 convince the Court

that the Defendant's health concerns do not rise to the level of extraordinary and compelling. *See*

*Mendoza-Contreras*, 2023 WL 2706808 at *3–4 (affirming district court's denial of compassionate

release where defendant had access to vaccination and prison facility lacked positive cases).

### 3. The Defendant's efforts at postconviction rehabilitation do not constitute extraordinary and compelling circumstances.

The Defendant argues that his efforts at rehabilitation, such as completion of critical

thinking classes, drug rehabilitation classes, and his satisfactory performance as an employee in

the FCI Hazelton commissary support his motion for compassionate release. Doc. 195 at 5. While

the Court commends the Defendant for his efforts at rehabilitation, they do not on their own or in

conjunction with any of the other reasons advanced by the Defendant warrant a grant of

compassionate release. By statute, the Court may not consider rehabilitation of a defendant, on its

own, as a reason for compassionate release. U.S.S.G. § 1B1.13 cmt. 3 (citing 28 U.S.C. § 994(t)).

However, even when considered in the light of Mr. Crespin's other arguments, the Court is

unpersuaded. In light of the Defendant's decades long criminal history and his documented

disciplinary incidents while in custody—including drug and alcohol possession and an altercation

with a fellow inmate—his efforts at pursuing prison employment and programming strike the

Court as meeting expectations, but not constituting extraordinary and compelling circumstances.

Doc. 192-5 1–3.

### CONCLUSION

For the reasons stated above, Defendant failed to demonstrate an extraordinary and

compelling reason justifying relief under 18 U.S.C. § 3582(c)(1)(A). Defendant's Motion for

Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 188) is therefore **DENIED**.

**IT IS SO ORDERED**.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE